UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MAXIMILIANO SILEONI,<br><br>                Plaintiff,<br><br>    v.<br><br>PHILLIPE TIMMERMAS, RONA SIEGERT, CHRIS JOHNSON, SAMUEL PIERSON, CRAIG KELLER, and PATRICK JONES,<br><br>                Defendants. | Case No. 1:22-cv-00008-DCN<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

      Plaintiff Maximiliano Sileoni filed a prisoner civil rights action and a request to proceed in forma pauperis on February 23, 2022. Dkts. 3, 1. Because of Plaintiff's status as a prisoner requesting authorization to proceed in forma pauperis, the Court must review the Complaint to determine whether it states a claim upon which he can proceed. *See* 28 U.S.C. §§ 1915 and 1915A.

      To address the growing trend of frivolous civil rights actions filed by prison inmates, the Prison Litigation Reform Act of 1995 (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), introduced a "three strikes" provision, which precludes a prisoner from filing lawsuits or appeals in forma pauperis if he has previously filed three other actions in federal court that were dismissed on the grounds of frivolousness, maliciousness, or failure to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(g).

INITIAL REVIEW ORDER BY SCREENING JUDGE - 1

The only exception is that a prisoner with three strikes may be permitted to file an in forma pauperis action if he appears to be "under imminent danger of serious physical injury." *Id*. If he is not in such danger, then he must pay the $402 filing fee at the time of filing.

Plaintiff's case history shows that, prior to the date he placed the Complaint into the hands of prison officials for filing (January 7, 2022—mailbox rule), he brought three civil actions that were dismissed for failure to state a claim or frivolousness. As a result, he is subject to the three strikes rule under 28 U.S.C. § 1915(g).

Plaintiff's prior cases that fit within the § 1915(g) prohibition are as follows:

1) Case No. 20-cv-00500-DCN, *Sileoni v. State of Idaho*, was dismissed as frivolous on December 7, 2020. Dkt. 7.

2) The appeal from dismissal of Case No. 20-cv-00500-DCN was also determined to be frivolous and is counted separately. Dkt. 15.

3) Case No. 20-cv-00501-BLW, *Sileoni v. ISCI Paralegal*, was dismissed for failure to state a claim on April 20, 2021. Dkt. 9.

4) Case No. 20-cv-00502-DCN, *Sileoni v. Thomson*, was dismissed for failure to state a claim on June 3, 2021. Dkt. 18.

5) Case No. 20-cv-00508-BLW, *Sileoni v. IDOC Staff*, was dismissed as frivolous on January 1, 2021. Dkt. 15.

In the present action, Plaintiff complains that prison officials have denied him circumcision surgery, which violates his First Amendment right to free exercise of religion. There is no imminent danger of serious physical injury evident in the allegations contained in Plaintiff's new lawsuit. It is subject to dismissal unless Plaintiff comes forward to pay the filing fee of $402 to proceed. If he does not, this case will be dismissed without prejudice.

INITIAL REVIEW ORDER BY SCREENING JUDGE - 2

## ORDER

**IT IS ORDERED** that Plaintiff's Application to Proceed in Forma Pauperis (Dkt. 1) is DENIED. Plaintiff must pay the filing fee in full within 30 days after entry of this Order and be prepared to pay for service of process upon Defendants.

DATED: March 2, 2023

_____
David C. Nye
Chief U.S. District Court Judge